COMMONWEALTH *vs.* EMMETT PERRY & another (and three companion cases[1]). January 31, 1983. The defendant Perry was found guilty of rape and robbery, and the codefendant Walker in the same trial was found guilty of rape and armed robbery.

1. On appeal both defendants argue that they were erroneously denied the use of their peremptory challenges to the last juror to be seated. Midway through the jury selection, the trial judge reminded the parties of the principles set forth in *Commonwealth* v. *Soares,* 377 Mass. 461, cert. denied, 444 U.S. 881 (1979), and thereafter he asked for reasons whenever a peremptory challenge was exercised in a suspect manner. After the fifteenth juror had been chosen and after the judge had accepted the defendants' reasons for excluding five venire members, the judge refused to accept their reasons for their peremptory challenges to the sixteenth juror, a white male. Counsel for Perry said that the juror's eyes "might be slightly glazed," but the judge remarked, "I noticed nothing about his appearance to indicate medication." When the judge asked the prospective juror additional questions, he responded that he was taking medication for asthma. The defendants did not ask for inquiries about the nature of the medication or about his health. The judge found the exercise of the peremptory challenges to be improper and seated him on the jury. There is support in the record for the trial judge's decision to monitor carefully the challenges and for his refusal to accept the defendants' challenges to the sixteenth juror. *Commonwealth* v. *DiMatteo,* 12 Mass. App. Ct. 547, 552 (1981). See *Commonwealth* v. *Soares, supra* at 490; *Commonwealth* v. *Reid,* 384 Mass. 247, 253-254 (1981).

2. There is no merit to the defendant Walker's argument that the array of ten to twelve pictures from which the victim selected Walker's photograph was unnecessarily suggestive, particularly when we view the

---

[1] One of the companion cases is against Emmett Perry and two are against Stefon Walker.

array as a continuation of an ongoing process of identification. *Commonwealth* v. *Porter,* 384 Mass. 647, 657-658 (1981). See *Commonwealth* v. *Venios,* 378 Mass. 24, 29 (1979); *Commonwealth* v. *Cincotta,* 379 Mass. 391, 393-394 (1979). Nor is there merit to Walker's contention that the only proper and reliable identification procedure is a lineup. *Commonwealth* v. *Mattias,* 8 Mass. App. Ct. 786, 789 (1979).

3. The defendant Walker complains that some remarks made by the prosecutor during closing argument were prejudicial and that no curative instructions were given. The record before us indicates that although the defendant objected to the remarks when they were made, he did not ask for a curative instruction and made no objection to the instructions which were given pertaining to the closing arguments. Thus, the defendant cannot now be heard to complain about the instructions. *Commonwealth* v. *Mercado,* 383 Mass. 520, 528 (1981). See *Commonwealth* v. *Blaikie,* 375 Mass. 601, 613 (1978). In addition, the remarks complained of did not clearly suggest that the prosecutor was making a statement of his personal belief in the defendants' guilt. See *Commonwealth* v. *Ferreira,* 381 Mass. 306, 317 (1980). See also *Commonwealth* v. *Johnson,* 374 Mass. 453, 459-460 (1978). Even if the remark was an improper attempt to invoke sympathy, such an attempt, standing alone, would not constitute reversible error. *Commonwealth* v. *Hoffer,* 375 Mass. 369, 379 (1978). See *Commonwealth* v. *Daigle,* 379 Mass. 541, 550 (1980).

4. The defendant Walker argues that three other crimes committed while he was in custody were so similar to the ones for which he was indicted that evidence of them should have been admitted. Furthermore, he claims error in the failure of the Commonwealth to produce a photograph which, the defendant claims, was identified by the victim as that of one of her assailants (although the victim testified at the suppression hearing that the photograph only resembled the assailant). Essentially identical issues were raised and decided adversely to the defendant in *Commonwealth* v. *Walker,* 14 Mass. App. Ct. 544, 549-550, 552 (1982), a case involving Walker but a different victim.

5. The judge at the suppression hearing made a finding that an encounter between the victim and the defendants in the hallway at the Juvenile Court, when the victim made her first identification of Perry, was not a confrontation which had been planned or even anticipated by the police. "[W]e will accept the judge's findings of fact in the absence of clear error." *Commonwealth* v. *Vasquez,* 11 Mass. App. Ct. 261, 264 (1981). "Accidental encounters between victim and suspect where the police make no attempt to elicit an identification have been uniformly held not to implicate due process considerations." *Commonwealth* v. *Harris,* 11 Mass. App. Ct. 165, 175 (1981), and cases cited. The defendant Perry also argues that the confrontation denied him his right to counsel. Since Perry had not previously been identified by the victim, there were insufficient grounds at that time for charging him with the crime committed against

her. There was no right to counsel in the circumstances. See *Commonwealth* v. *Clifford*, 374 Mass. 293, 302 (1978); *Commonwealth* v. *Simmonds*, 386 Mass. 234, 238 (1982).

*Judgments affirmed.*

*Janice Bassil* for Emmett Perry.
*John J. Bonistalli* for Stefon Walker.
*Ellen M. Donahue*, Assistant District Attorney, for the Commonwealth.